IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02088-BNB

DIANA SLADEK, and
DENNIS SLADEK,

    Plaintiffs,

v.

BANK OF AMERICA, NA,
ARONOWITZ & MECKLENBURG,
THOMAS MOWLE, and
MERS, a division of MERSCORP,

    Defendants.

ORDER DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT

    Plaintiffs have filed *pro se* a Complaint (ECF No. 1).  The court must construe the Complaint liberally because Plaintiffs are not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiffs will be ordered to file an amended complaint if they wish to pursue their claims in this action.

    The court has reviewed the Complaint and finds that the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiffs are

entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiffs assert a number of constitutional claims pursuant to 42 U.S.C. § 1983 as well as one or more state law claims.  However, Plaintiffs fail to provide a short and plain statement of their claims showing they are entitled to relief because they fail to allege specific facts in support of their claims.  In particular, Plaintiffs fail to allege what each Defendant did that allegedly violated their rights.  Plaintiffs appear to be asserting claims pursuant to § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Consequently, Plaintiffs may assert their § 1983 claims only

against persons who acted under color of state law.  Finally, although Plaintiffs refer to 42 U.S.C. § 1985(3) in the Complaint, the court notes that they do not assert any specific claim pursuant to § 1985(3), and they do not assert any facts that would support a claim under § 1985(3).  *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (discussing elements of a § 1985(3) claim).

For these reasons, Plaintiffs will be ordered to file an amended complaint that clarifies the claims they are asserting.  In order to state a claim in federal court, Plaintiffs "must explain what each defendant did to [them]; when the defendant did it; how the defendant's action harmed [them]; and, what specific legal right the plaintiff[s] believe[] the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Plaintiffs file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Plaintiffs shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiffs fail within the time allowed to file an amended complaint that complies with this order the action will be dismissed without further notice.

DATED August 14, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge