IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02088-BNB

DIANA SLADEK, and
DENNIS SLADEK,

    Plaintiffs,

v.

BANK OF AMERICA, NA,
ARONOWITZ & MECKLENBURG,
THOMAS MOWLE, and
MERS, a division of MERSCORP,

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiffs initiated this action by filing *pro se* a Complaint (ECF No. 1). On August 14, 2013, Magistrate Judge Boyd N. Boland ordered Plaintiffs to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure if they wish to pursue their claims in this action. On September 5, 2013, Plaintiffs filed an Amended Complaint (ECF No. 7).

The Court must construe the Amended Complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Amended Complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will

be dismissed.

The Court has reviewed the Amended Complaint and finds that the Amended Complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  As Plaintiffs were advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiffs are entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiffs' claims in this action stem from a foreclosure action initiated against

them pursuant to § 38-38-101 of the Colorado Revised Statutes.  Plaintiffs assert a variety of federal and state claims in the Amended Complaint challenging the constitutionality of Colo. Rev. Stat. § 38-38-101 and the foreclosure proceedings.  As relief Plaintiffs seek compensatory and punitive damages and they ask the Court to "nullify the foreclosure, declare the Colorado foreclosure statutes unconstitutional, [and] calculate Plaintiff Diana Sladek's payments to determine if she was current on her mortgage payments."  (ECF No. 7 at 7.)

As an initial matter, the Court notes that Plaintiffs' claims may be barred by the *Rooker-Feldman* doctrine, which provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  More specifically, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").  However, because the specific claims Plaintiffs are asserting are not clear, and because it also is not clear whether a final judgment has been entered in the state foreclosure proceeding, the Court will not dismiss this action

pursuant to the *Rooker-Feldman* doctrine. Instead, the Court will dismiss the action for failure to comply with Rule 8.

Magistrate Judge Boland advised Plaintiffs that the original Complaint failed to comply with the pleading requirements of Rule 8 because they failed to allege what each Defendant did that allegedly violated their rights, they appeared to be asserting claims pursuant to 42 U.S.C. § 1983 against persons who are not state actors, and they failed to allege facts to support whatever claim they were asserting pursuant to 42 U.S.C. § 1985(3). Magistrate Judge Boland explained to Plaintiffs that, in order to state a claim in federal court, they "must explain what each defendant did to [them]; when the defendant did it; how the defendant's action harmed [them]; and, what specific legal right the plaintiff[s] believe[] the defendant violated." *Nasious*, 492 F.3d at 1163. Finally, Magistrate Judge Boland advised Plaintiffs that the general rule of construing *pro se* pleadings liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiffs do not assert any claim pursuant to § 1985(3) in the Amended Complaint. However, with respect to the federal and state claims that are asserted in the Amended Complaint, Plaintiffs still fail to identify exactly what each Defendant did that allegedly violated their rights. In short, Plaintiffs fail to provide a clear and concise statement of the specific facts that support each asserted claim.

With respect to the claims Plaintiffs are asserting pursuant to 42 U.S.C. § 1983, Plaintiffs also fail to allege facts that demonstrate the § 1983 claims are being asserted against state actors. "Section 1983 provides a federal cause of action against any

4

person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Therefore, the only proper defendants in a § 1983 action are those who "'represent [the State] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

For these reasons, the Court finds that the action must be dismissed for failure to file an amended pleading that complies with Rule 8 as directed. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiffs file a notice of appeal they also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint, the Amended Complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiffs failed to file a pleading that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as directed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  18th  day of      September      , 2013.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court